UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JAMES MCDOUGAL,

        Plaintiff,                                   Memorandum and Order

                                                              12 Civ. 2018 (ILG) (MDG)

   - against -

STATE UNIVERSITY OF NEW YORK
DOWNSTATE MEDICAL CENTER,
LONG ISLAND COLLEGE HOSPITAL,

        Defendant.
-------------------------------------------------------x

GLASSER, United States District Judge:

       Plaintiff James McDougal ("plaintiff" or "McDougal") brings this action against the State University of New York Downstate Medical Center, Long Island College Hospital ("defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, et seq. ("NYCHRL").  Before the Court are defendant's motions to join StaffCo of Brooklyn, LLC ("StaffCo") as a required party pursuant to Federal Rule of Civil Procedure 19(a), and to dismiss plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  For the following reasons, defendant's motions are DENIED.

## BACKGROUND

The following facts are taken from plaintiff's Amended Complaint, which is presumed true for purposes of the pending motion, as well as from extrinsic documents that the Court may consider in ruling on these motions. Beginning in November 2005, plaintiff worked for Long Island College Hospital ("LICH") as a pharmacy messenger. Amended Complaint dated June 22, 2012 ("Compl.") ¶ 7 (Dkt. No. 4). On May 29, 2011, the State University of New York ("SUNY") acquired substantially all of the assets of LICH. Declaration of Francesca Tinti in Support of Motion ("Tinti Decl.") ¶ 3 (Dkt. No. 10). The hospital was renamed "SUNY Downstate Medical Center University Hospital of Brooklyn at Long Island College Hospital." See Defendant's Reply Memorandum of Law in Further Support of its Motion ("Def.'s Reply") at 6 (Dkt. No. 17); Reply Declaration of Mark E. Klein in Further Support of Defendant's Motion ("Klein Reply Decl."), Ex. B (Dkt. No. 18). Shortly before the acquisition, StaffCo, a professional employer organization ("PEO"), entered into a Professional Employer Agreement with SUNY to employ all non-physician staff at the hospital. Tinti Decl. ¶ 3, Ex. B.[1] Plaintiff accepted an offer of employment from StaffCo to continue working as a pharmacy messenger at the hospital. Tinti Decl., Ex. A.

During his employment at the hospital, plaintiff alleges that he "endured and fought against unlawful discriminatory actions," none of which are specified in the Amended Complaint. Compl. ¶ 8. On June 9, 2011, plaintiff filed a complaint with the New York State Division of Human Rights ("SDHR") against "SUNY Downstate Medical Center/LICH Long Island College Hospital," alleging gender discrimination and

---

[1] "While the details of individual PEO arrangements may vary greatly, a [PEO] enables its client – a work site employer – to outsource its payroll and human resources responsibilities . . . ." Tri-State Emp't Servs., Inc. v. Mountbatten Sur. Co., Inc., 788 N.E. 2d 1023, 1026 (N.Y. 2003).

retaliation by his supervisors.  Id. ¶ 9; Declaration of Mark E. Klein in Support of Defendant's Motion ("Klein Decl."), Ex. E (Dkt. No. 9).  SDHR forwarded the complaint to "Long Island College Hospital," id., and on November 29, 2011, dismissed the complaint after determining that there was no probable cause to support it.  Klein Decl., Ex. F.

After plaintiff filed his complaint with SDHR, his supervisors began closely monitoring his work.  Compl. ¶ 10.  On August 15, 2011, plaintiff was accused of not responding to a supervisor's page on his mobile pager, which he denied.  Id. ¶ 11.  On September 7, 2011, plaintiff filed a second complaint with SDHR against "Long Island College Hospital/Downstate," alleging that the pager incident was fabricated to create a pretext for suspension or termination in retaliation for filing the first SDHR complaint. Klein Decl., Ex. G.  SDHR forwarded the complaint to "Long Island College Hospital," id., and on March 2, 2012, dismissed the complaint for administrative convenience because plaintiff intended to file an action in federal court.  Klein Decl., Ex. H.[2]  On September 8, 2011, after plaintiff again denied the pager incident, he was suspended for "failing to cooperate by admitting" to the incident; after one more denial, on September 22, he was terminated.  Compl. ¶ 12, 14.

On June 22, 2012, plaintiff filed an Amended Complaint in this Court naming "State University of New York Downstate Medical Center, Long Island College Hospital" as the defendant.  He alleges violations of Title VII, NYSHRL, and NYCHRL in that

---

[2] Plaintiff's complaint was cross-filed with the EEOC, which dismissed the complaint for the same reason and issued a right-to-sue letter on July 20, 2012.  Klein Decl. ¶ 4, Ex. I.

3

defendant retaliated against him for complaining about unlawful discrimination, and seeks a declaratory judgment and monetary damages. Compl. ¶¶ 15–31 & 5–7.[3]

On August 8, 2012, defendant moved to join StaffCo to the action as a required party and to dismiss the Amended Complaint. Defendant's Memorandum of Law in Support of its Motions ("Def.'s Mem.") (Dkt. No. 11). In response, on August 22, 2012, plaintiff withdrew his NYSHRL and NYCHRL claims and opposed defendant's motions to join StaffCo and to dismiss the Title VII claim. Memorandum of Law in Opposition to Defendant's Motion ("Pl.'s Opp'n") (Dkt. No. 15).

## DISCUSSION

**I. Rule 12(b)(1) Motion**

**A. Legal Standard**

The Court must first address subject matter jurisdiction as a "threshold issue." Saint-Guillen v. United States, 657 F. Supp. 2d 376, 380 (E.D.N.Y. 2009). The plaintiff "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). In deciding a Rule 12(b)(1) motion, the Court "may refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

**B. Analysis**

 "A prerequisite to commencing a Title VII action against a defendant is the filing with the EEOC or authorized state agency of a complaint naming the defendant."

---

[3] The Court reads the Amended Complaint to assert only a claim for retaliation for complaining about gender discrimination and not a claim for the underlying alleged discrimination. The Amended Complaint's single statement that plaintiff "endured and fought against unlawful discriminatory actions" presumably is intended to provide background for the retaliation claim; it certainly does not give "fair notice" of a gender discrimination claim sufficient to "enable the defendant to respond." Matson v. Bd. of Educ. of City Sch. Dist. of N.Y., 631 F.3d 57, 72 (2d Cir. 2011) (quotations omitted).

4

Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991) (citing 42 U.S.C. § 2000e-5(e)).[4]
However, courts take a "flexible stance in interpreting Title VII's procedural provisions," and, in an exception to the requirement that a defendant first must be named in an administrative complaint, they "permit[] a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." Id. (citations omitted). To determine whether there is such an "identity of interest," the court must consider:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Zhao v. State Univ. of N.Y., 472 F. Supp. 2d 289, 305 (E.D.N.Y. 2007) (quoting Johnson, 931 F.2d at 209–10).

Defendant argues that (1) plaintiff named "Long Island College Hospital" in his SDHR complaint, (2) plaintiff "incorrectly" names "State University of New York Downstate Medical Center, Long Island College Hospital" as defendant in this action but actually sues SUNY, and (3) there is no identity of interest between LICH and SUNY; therefore, the Court lacks subject matter jurisdiction over plaintiff's Title VII claim.

---

[4] A motion to dismiss based on a plaintiff's failure to name the defendant in a prior administrative complaint challenges subject matter jurisdiction and, therefore, is properly brought pursuant to Rule 12 (b)(1). See Zustovich v. Harvard Maint., Inc., No. 08 Civ. 6856 (HB), 2009 WL 735062, at *7 (S.D.N.Y. Mar. 20, 2009); Bridges v. Eastman Kodak Co., 822 F. Supp. 1020, 1023–1025 & nn. 4 & 7 (S.D.N.Y. 1993).

Def.'s Mem. at 1, 10–12.  Plaintiff responds that there is an identity of interest between these two entities.  Pl.'s Opp'n at 6–11.

The Court has subject matter jurisdiction because plaintiff clearly sued the same hospital in both his second SDHR complaint and this action.[5]  In his SDHR complaint form, plaintiff named "Long Island College Hospital/Downstate" as the respondent.  Klein Decl., Ex. G. Plaintiff now brings a federal action against "State University of New York Downstate Medical Center, Long Island College Hospital."  Compl. ¶ 2.  Because of the 2011 acquisition, the hospital's name is actually "State University of New York Downstate Medical Center University Hospital of Brooklyn at Long Island College Hospital."  See Def.'s Reply at 6; Klein Reply Decl., Ex. B.  It is apparent that the defendants named in the SDHR complaint and in this action are one and the same, albeit both times named imprecisely;[6] plaintiff intended to sue the hospital in both complaints.[7]  Indeed, the address to which SDHR forwarded the administrative complaint, the address at which the Amended Complaint was served on the hospital,

---

[5] Only plaintiff's second SDHR complaint is relevant here because it alleges the same retaliation claim as this action.

[6] Although SDHR titled plaintiff's complaint "James McDougal v. Long Island College Hospital" and forwarded it to "Long Island College Hospital," plaintiff himself wrote "Long Island College Hospital/Downstate" – an adequate attempt to designate the long, complicated name of the hospital.  SDHR similarly mislabeled plaintiff's first complaint when plaintiff named the hospital as "SUNY Downstate Medical Center/LICH Long Island College Hospital" – an almost accurate naming of the hospital.  Klein Decl., Ex. E.  SDHR's mislabeling of the actions cannot be imputed to plaintiff.  Additionally, in a separate, small claims action between the parties, defendant acknowledged that when plaintiff named "Long Island College Hospital @ Downstate," he intended to sue the hospital.  Declaration of the Attorney for the Plaintiff in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss ("Wade Decl."), Ex. C (Dkt. No. 16).  Similarly, "Long Island College Hospital/Downstate" is an imprecise naming of the same hospital.

[7] Although defendant contends that plaintiff "incorrectly" names the hospital in this action but actually sues SUNY, it does not identify a legal basis for its implicit assertion that the hospital itself is not a suable entity and the Court has not found any support for it.  See Fed. R. Civ. P. 17(b); N.Y. Educ. Law, ch. 16, art. 5.  Indeed, defendant suggests elsewhere that the hospital is a suable entity.  See Def.'s Reply at 6.

6

and the address that the hospital displays on its website are all the same. See Klein Decl., Ex. G; Compl. at 8; www.downstate.edu/lich/ (last visited Apr. 4, 2013).[8] An analysis of the identity of interest test is unnecessary here because the test assumes the existence of two distinct entities. Cf. Cobb v. XSPORT Fitness, Inc., No. 09 Civ. 3553 (SJF)(WDW), 2010 WL 1741370, at *6 (E.D.N.Y. Apr. 28, 2010) (finding identity of interest test satisfied where plaintiff named defendant's d/b/a name in administrative complaint but named defendant's corporate name in federal action).

The procedural requirement at issue here should not be used "to frustrate Title VII's remedial goals." Johnson, 931 F.2d at 209. Plaintiff essentially named the hospital in both his administrative and federal complaints. Therefore, the Court has subject matter jurisdiction over his Title VII claim and defendant's motion to dismiss is denied.

## II. Rule 19 Motion

Defendant argues that StaffCo was plaintiff's true employer and, therefore, a necessary party to be joined under Rule 19.

### A. Legal Standard

Rule 19 provides a three-step process for determining the disposition of a case where a necessary party is absent: First, the court must determine whether the absent party is indeed necessary and should be joined, considering, in relevant part, (1) whether in that party's absence "the court cannot accord complete relief among existing parties," or (2) whether that party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may as a practical

---

[8] See Doron Precision Systems, Inc. v. FAAC, Inc., 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) ("[A] court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" (quoting Fed. R. Evid. 201(b))).

7

matter impair or impede the [party's] ability to protect the interest." Fed. R. Civ. P. 19(a)(1). Second, if the absent party is necessary, the court then determines whether joinder is feasible; it is not feasible if it will "deprive the court of subject-matter jurisdiction" or if the party is not subject to service of process. Id. Third, if the absent party is necessary but joinder is not feasible, then the court must determine whether "in equity and good conscience" it should allow the action to proceed with the existing parties or dismiss it due to the necessary party's absence. Fed. R. Civ. P. 19(b); see Town of Huntington v. Am. Mfrs. Mut. Ins. Co., 267 F.R.D. 449, 452 (E.D.N.Y. 2010); 4 James Wm. Moore et al., Moore's Federal Practice §§ 19.02[3] (3d ed. 2000).

"District courts have broad discretion in applying Rule 19 because of the fact-based analysis of the effects of non-joinder, and matters outside the pleadings may be considered." Rahman v. Shiv Darshan, Inc., No. 12 Civ. 3457 (ILG)(CLP), 2013 WL 654189, at *5 (E.D.N.Y. Feb. 22, 2013) (quotation omitted). "The burden of demonstrating that a party is necessary rests with the moving party." Greenwich Life Settlements, Inc. v. ViaSource Funding Grp., LLC, 742 F. Supp. 2d 446, 455 (S.D.N.Y. 2010).

**B. Analysis**

"[T]he existence of an employer-employee relationship is a primary element of Title VII claims." Gulino v. N.Y. State Educ. Dep't, 460 F.3d 361, 370 (2d Cir. 2006). "Courts have developed different doctrines for determining when an entity is an individual's 'employer' for Title VII purposes." Lima v. Addeco, 634 F. Supp. 2d 394, 399 (S.D.N.Y. 2009). Separate legal entities are considered joint employers if they have "chosen to handle certain aspects of their employer-employee relationships jointly." Id. at 400 (quotation omitted). Under the joint employer doctrine, one or both joint

8

employers may be liable under Title VII for engaging in discriminatory conduct; the plaintiff must prove that "the joint employer knew or should have known of the discriminatory conduct and failed to take corrective measures within its control." Id. (quotation omitted); see Lenoble v. Best Temps, Inc., 352 F. Supp. 2d 237, 245–46 (D. Conn. 2005) ("Under the joint employer analysis, two separate business entities can be held independently liable for workplace discrimination if both simultaneously exercise control over the same workforce or employee.").

Plaintiff has named the hospital as the defendant in this action, alleging that it was his employer and illegally retaliated against him. Compl. ¶¶ 1–2. Defendant argues that StaffCo, a PEO engaged by SUNY to staff the hospital, was plaintiff's true employer and, therefore, is a necessary party to be joined under Rule 19(a)(1). Def.'s Mem. at 7–10. StaffCo agrees, claiming sole responsibility for disciplining and terminating plaintiff. Tinti Decl. ¶ 8. In response, plaintiff characterizes StaffCo as an "agent" of defendant. Pl.'s Opp'n at 3–6.

At this stage, the Court cannot conclusively determine that StaffCo alone was plaintiff's employer within the meaning of Title VII. The relationship between StaffCo and SUNY is governed by the New York Professional Employer Act, N.Y. Labor Law § 915, et seq. and the parties' Professional Employer Agreement. See Tinti Decl., Ex. B.[9] In accordance with the statute, the agreement states that StaffCo and SUNY "co-employ" employees and that the employees have a "co-employment relationship" with both entities. N.Y. Labor Law § 916(3)(a) & (6); Tinti Decl., Ex. B at 2, 9. While the

---

[9] More specifically, the agreement names "the State University of New York, . . . acting through its Health Sciences Center at Brooklyn" as a contracting party and is signed on behalf of "State University of New York Downstate Medical Center." Tinti Decl., Ex. B at 1, 13. Therefore, although the Court refers to "SUNY" in the following discussion, it assumes that the true party to the agreement is the defendant in this action.

9

agreement designates StaffCo as "ultimately responsible" for disciplining and terminating employees, it also contains provisos such as (1) "with respect to all such personnel actions, StaffCo shall notify SUNY and shall make good faith efforts to comply with SUNY's reasonable requests or inquiries"; (2) "SUNY shall retain such responsibility for the StaffCo employees as is necessary for the conduct of its business at the facilities"; and (3) StaffCo "shall consult with SUNY and use commercially reasonable efforts to implement SUNY's lawful requests" regarding employee assignments. Tinti Decl., Ex. B at 2, 5. Given the governing statute and contract, at this stage the Court assumes that the two entities are joint employers.

Accordingly, the joint employer doctrine permits plaintiff the opportunity to prove that defendant is liable, even if it was not the entity that actually disciplined or terminated him, because it "knew or should have known of the discriminatory conduct and failed to take corrective measures within its control." Lima, 634 F. Supp. 2d at 400. Furthermore, the potential liabilities of defendant and StaffCo are independent of each other; plaintiff may prove that one or both entities are liable. Id.; see Lenoble, 352 F. Supp. 2d at 245–46. Because plaintiff's lawsuit against defendant does not implicate StaffCo, StaffCo is not a necessary party under either of the two prongs of Rule 19(a) that defendant asserts.

First, the Court will be able to "accord complete relief among existing parties" without joining StaffCo as a party. Fed. R. Civ. P. 19(a)(1)(A). If plaintiff proves his case against defendant, then the Court may grant plaintiff the full relief he seeks from defendant even in StaffCo's absence. See Cont'l Kraft Corp. v. Euro-Asia Dev. Grp., Inc., No. 97 CV 0619, 1997 WL 642350, at *7 (E.D.N.Y. Sept. 8, 1997) (Glasser, J.). If plaintiff cannot prove his case, then his claim against defendant will still be resolved, albeit in

defendant's favor. The fact that the Court cannot accord complete relief between plaintiff and StaffCo without joining StaffCo is irrelevant. See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 385 (2d Cir. 2006) ("Rule 19(a)(1) is concerned only with those who are already parties.").

Second, StaffCo's absence from this action will not "impair or impede [its] ability to protect [its] interest" in the case. Fed. R. Civ. P. 19(a)(1)(B)(i). Defendant identifies StaffCo's interest as its "potential liability" for its conduct regarding plaintiff. Def.'s Mem. at 10. However, if StaffCo is not joined in this action and plaintiff sues StaffCo in a subsequent action, plaintiff will need to establish StaffCo's liability independent of his proof of defendant's liability. Moreover, a finding by the Court in this action will not bind StaffCo in a later action. See Drankwater v. Miller, 830 F. Supp. 188, 192–93 (S.D.N.Y. 1993) ("[W]hile it may be true that a court in a later litigation may consider an earlier finding, it is plain that a prior finding would not be binding upon [the absent party] since [it] was not a party to the instant action. Thus, the Court finds the 'negative precedent' argument unpersuasive and insufficient alone to support a finding that [the absent party] should be joined if feasible." (citation omitted)). As a result, StaffCo will not be impaired in protecting itself from liability in a subsequent action.

Therefore, StaffCo is not a necessary party to be joined; consequently, the Court need not address feasibility under the second and third steps of Rule 19. If defendant seeks indemnity from StaffCo under the parties' agreement, then it may implead StaffCo under Rule 14(a). See Rahman, 2013 WL 654189, at *5. Accordingly, defendant's motion is denied.

## CONCLUSION

For the foregoing reasons, the Court denies defendant's motions to dismiss plaintiff's Title VII claim and to join StaffCo as a necessary party. Because plaintiff has withdrawn his NYSHRL and NYCHRL claims, the case will proceed only with respect to the Title VII claim.

**SO ORDERED.**

Dated:      Brooklyn, New York
              April 9, 2013

                                                        /s/
                                          I. Leo Glasser
                                          United States District Judge